IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEPHANIE PAIGE ROBBINS                                                    PLAINTIFF

vs.                                      Civil No. 6:13-cv-06030

CAROLYN W. COLVIN                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Stephanie Paige Robbins ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.   **Background:**

Plaintiff filed her disability application on November 18, 2010. (Tr. 12, 108-110). In this application, Plaintiff alleges being disabled due to cervical cancer (stage 2), fibromyalgia, elbow problems, wrist problems, hemochromatosis, and lower back problems. (Tr. 141). Plaintiff alleges an onset date of Feburary 4, 2010. (Tr. 12, 108). This application was denied initially and again upon reconsideration. (Tr. 61-62). Thereafter, Plaintiff requested an administrative hearing on her

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

application, and this hearing request was granted. (Tr. 72-82).

On April 12, 2012, this hearing was held in Hot Springs, Arkansas. (Tr. 24-54). Plaintiff was present at this hearing and was represented by counsel, Hans Pullen. *Id.* Plaintiff and Vocational Expert ("VE") William David Elmore testified at this hearing. *Id.* At this hearing, Plaintiff testified she was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 28).

After the hearing, on July 6, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 9-18). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2013. (Tr. 14, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 4, 2010, her alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: "s/p cervical cancer, s/p chemotherapy/radiation and fibromyalgia with associated back pain." (Tr. 14, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b). She should be able to occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds. She can stand and/or walk no more than 6 hours of an 8 hour workday and sit no more than 6 hours of an 8 hour

>workday. She can stop [stoop] or bend occasionally, but crouching would not be required.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 17, 47-54). Considering her RFC and PRW, the VE testified Plaintiff retained the capacity to perform her PRW as a receptionist and also an employee in jewelry and clothing sales. (Tr. 17, Finding 6). Because he found Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from her application date of February 4, 2010 through the date of the ALJ's decision or through July 6, 2012. (Tr. 17, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5-6). On February 14, 2013, the Appeals Council denied this request for review. (Tr. 1-3). On April 3, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 23, 2013. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 11, 14. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

4

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11 at 1-21. Specifically, Plaintiff claims the following: (A) the ALJ improperly evaluated Listings 1.00(B)(2)(b) and (d) and 14.09; (B) the ALJ improperly found she was not entitled to a closed period of disability in accordance with Listing 13.00 "et seq."; (C) the ALJ failed to evaluate the severity of her impairments in accordance with *Polaski*; and (D) the ALJ erred by ending his analysis at Step Four. *Id.* The Court will address each of the arguments Plaintiff has raised.[2]

### A.    Evaluation of the Listings

Plaintiff claims the ALJ's Step Three determination is not supported by substantial evidence in the record. ECF No. 11 at 8-15. Specifically, Plaintiff claims her impairments meet the requirements of Listings 1.00(B)(2)(b) and (d), 14.09, and 13.00 "et seq." *Id.* In support of her argument, Plaintiff cites to these listings, block-quotes her medical records, provides no analysis of how her impairments meet the requirements of those listings, and then references her testimony at the hearing in this matter. *Id.*

---

[2] However, because Plaintiff's first (A) and second (B) arguments both relate to the Listings, the Court will address these arguments together.

As an initial matter, the Court notes Plaintiff has not referenced any of the correct listings. First, Listing 1.00(B)(2)(b) and (d) provide an introduction to the Musculoskeletal System Listings and is not one of the listings of impairments in its own right. Second, Listing 14.09 relates to "inflammatory arthritis," and Plaintiff has not referenced one medical record demonstrating she has been diagnosed with inflammatory arthritis. Third and finally, Listing 13.00 "et seq." encompasses twenty-seven categories of "malignant neoplastic diseases" or cancers. Plaintiff has not provided which specific listing her impairments purportedly meet.

Even if she had referenced the correct listings, Plaintiff has the burden of demonstrating any of her impairment are of listing-level severity. *See Sullivan v. Zebley,* 493 U.S. 521, 530-31 (1990). In her briefing, Plaintiff provides no analysis of the law or facts demonstrating her impairments meet the requirements of any of the listings. ECF No. 11 at 8-15. By providing no argument demonstrating any of her impairments meet the requirements of any of the listings, Plaintiff has not met her burden. Because the Court finds Plaintiff has not met that burden, the Court will not address this issue further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (summarily rejecting appellant's conclusory assertion that the ALJ failed to consider whether he met certain listings, where the appellant provided no analysis of the relevant law or facts).

**B.    *Polaski* Evaluation**

Plaintiff claims the ALJ did not properly consider her subjective complaints of pain and other limitations. ECF No. 11 at 15-18. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other

6

The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of

---

symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Polaski*. Notably, the ALJ referenced the *Polaski* factors and stated several inconsistencies between her claims and the evidence in the record: (1) despite her complaints of disabling fatigue, Plaintiff's cancer was in full remission and she had been given a "fully active" release; (2) despite her subjective complaints of being unable to work, Plaintiff had reported few (if any) side effects from her medications which would prevent her from working; and (3) despite her complaints of disabling fatigue, Plaintiff was "still very active," attended competitive swimming events for her thirteen-year-old daughter, and was a "Cub Scout Den mother for her 7-year old." (Tr. 16-17).

The ALJ also noted the following regarding Plaintiff's daily activities: "[S]he reports that her activities of daily living include getting two kids ready for school (a 3rd child is in preschool), visiting sports practice, taking care of pets, performing household chores, driving and paying bills. She indicates she attends church three times per week, visits with friends, emails and attends the YMCA swim practice four times per week." (Tr. 15). Based upon these findings, there is no basis for reversal on this issue. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (stating that if the ALJ explicitly discredits a claimant and gives good reasons for doing so, the appellate court will normally defer to the ALJ's determination).

    **C.**    **ALJ's Determination**

Plaintiff claims the ALJ erred by ending his analysis at Step Four and not posing a hypothetical to the VE that "encompass[es] all [her] limitations." ECF No. 11 at 19-21. In making this argument, Plaintiff has not provided which specific limitations she believes should have been included in a hypothetical to the VE. *Id.*

Further, contrary to Plaintiff's argument, the ALJ did provide a hypothetical to the VE, and the ALJ relied upon the VE's responses to that hypothetical in making his disability determination.

8

(Tr. 17, 47-54). The ALJ did so even though the testimony of a VE is not required at Step Four of the Analysis. *See Miles v. Barnhart,* 374 F.3d 694, 700 (8th Cir. 2004). Thus, the Court cannot find a basis for reversal on this issue.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of April 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE